**Edward Leon AUSTIN, Petitioner—Appellant,**

v.

**Carl M. LARSON, Warden, Respondent—Appellee.**

No. 04–16599.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Dec. 13, 2005.

Frank G. Prantil, Sacramento, CA, for Petitioner–Appellant.

Morris Beatus, Esq., Pamela K. Critchfield, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Petitioner Edward Austin challenges the sentence imposed for his 1985 guilty plea, his second guilty plea in a two-year period. He contends both that his plea was involuntary and that the court violated his plea

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

agreement by imposing a sentence that ran consecutively instead of concurrently with his 1983 sentence. We do not give a full recitation of the facts because the parties are already familiar with them.

Austin claims that his plea was involuntary because the trial transcripts and reporter's notes from his plea hearing cannot be located. This is insufficient to establish that his plea was involuntary. *Parke v. Raley,* 506 U.S. 20, 30, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992).

Austin also claims that the government violated the terms of his plea agreement by imposing his second sentence consecutively because he reasonably believed that it would run concurrently when he entered his plea. Notably, Austin does not claim that the government ever expressly or implicitly agreed to a concurrent sentence. Moreover, the minutes taken during Austin's change of plea hearing and the original and amended abstracts of judgment regarding the 1985 plea all suggest that Austin's second sentence was intended to run consecutively.[1] Thus, the record offers no basis for concluding that Austin reasonably believed that the second sentence would run consecutively when he entered his second plea. *See United States v. Arnett,* 628 F.2d 1162, 1164 (9th Cir.1979). Accordingly, the district court's denial of habeas relief is AFFIRMED.

---

**1.** Respondent's motion to expand the record to include (1) the state court minute order of August 26, 1985, memorializing the change of plea hearing, (2) the second amended abstract of judgment dated 17, 1988, and (3) a letter to the state trial court from the Department of Corrections, dated April 16, 1996, is hereby granted.

